Van Hise *v.* Van Hise.

George Van Hise

*v.*

James Van Hise et al.

[Filed December 26th, 1900.]

A bill disclosing no common subject-matter in respect to which complainant seeks relief, but diverse and disconnected matters, in respect to some of which no relief is prayed for or could be granted as to some of the defendants, is objectionable, and must be dismissed as to the defendants duly objecting under rule 213.

*Mr. Linton Satterthwait,* for the complainant.

*Mr. James Buchanan,* for the moving defendants.

Magie, Chancellor.

Objections to the bill in this cause are made in behalf of Alfred Van Hise and Belle, his wife, two of the defendants, upon motion pursuant to the provisions of rule 213. The notice of motion states various grounds of objection. I deem it unnecessary to consider any of these grounds except one, which claims that the bill is objectionable because it is exhibited against the moving defendants and other defendants "for distinct matters and causes, in several of which * * * the defendants, Alfred Van Hise and Belle, his wife, are not nor is either of them in any manner interested or concerned."

The rule to be applied in disposing of this objection is that laid down by the court of errors in *Lehigh Valley Railroad Co.* v.

*McFarlan, 4 Stew. Eq. 758,* in these words: "The rule with regard to multifariousness, whether arising from misjoinder of causes of action or defendants therein, is not an inflexible rule of practice or procedure, but is a rule founded on general convenience, which rests upon the consideration of what will best promote the administration of justice without multiplying litigation on the one hand, or drawing suitors into needless and unnecessary expenses on the other."

An examination of the bill discloses that one James Van Hise is made a party defendant. In respect to him and other defendants connected with him, the bill charges that on July 10th, 1900, the complainant delivered to him a pass-book of a savings bank which evidenced a deposit of money, which had been deposited by complainant in the joint names of complainant and James, and that by James' possession of the book thus acquired, he was able to draw and did draw the deposit, and refused to account for it. There is no charge that Alfred Van Hise or his wife was present on the occasion of the delivery of the book, or took any part in the transaction in any way whatever. These charges, if available to establish in complainant any right to equitable relief as against James, manifestly afford no foundation for a decree against Alfred and his wife, nor does the bill ask any relief against them or either of them in respect to that transaction.

The relief sought against Alfred Van Hise and his wife is put upon the following charges: The complainant charges that he had a deposit of money in his name in the Trenton Trust and Safe Deposit Company; that on July 27th, 1900, he drew a check for the amount so deposited in favor of Alfred Van Hise; that he delivered the check to Alfred, who afterwards drew the money and refused to account for it, and has deposited it in the joint names of himself and wife. There is a charge that James was present on that occasion. There is a suggestion rather than a charge that the drawing and delivery of the check to Alfred was the result of undue influence exerted by Alfred or James or one of them. Assuming that these charges may justify making James a party to a bill for relief against Alfred in respect to this transaction

(which may perhaps be questioned), yet there is no charge tending to connect the transaction of July 27th with the previous transaction of July 10th, or to indicate any liability of Alfred for what took place on the earlier occasion. The test in the application of the rule on such occasions is this: the bill must disclose some common subject-matter in the whole of which the complainant is interested and may thereupon ask relief, and in some part or branch of which each defendant is interested and in respect to which he is a proper party, although the interest of each defendant may not be identical. *Lehigh Valley Railroad Co.* v. *McFarlan, ubi supra; Rutherford* v. *Alyea, 9 Dick. Ch. Rep. 411; Ferry* v. *Laible, 12 C. E. Gr. 146.*

The bill discloses no common subject-matter, but complainant, while seeking relief against Alfred and his wife in respect to the transaction of July 27th, has brought into the same bill his claim against James in respect to the transaction of July 10th, with which Alfred had no connection, and in respect to which no relief against Alfred is asked or could be granted. The complainant has united in one bill diverse causes of action in respect to which different decrees are sought.

The bill is objectionable and must be dismissed as to Alfred Van Hise and wife.